NO. 07-09-0176-CR, 07-09-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2009
______________________________

JOSE LUIS PRADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,938-A, 55,939-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER OF ABATEMENT AND REMAND
          Appellant, Jose Luis Prado, filed a notice of appeal from his convictions for
manufacture and delivery of a controlled substance and sentences in Cause Nos. 55938-A
and 55939-A in the 47th District Court of Potter County, Texas (the trial court). The
appellate court clerk received and filed the trial court reporter’s record on July 22, 2009. 
However, no trial court clerk’s record has been filed. 
          On July 1, 2009, this Court received a request from the district clerk requesting an
extension of time to file the clerk’s record on the basis that appellant had not paid or made
arrangements to pay for the preparation of the record. Further, the district clerk noted that
no court-appointed attorney had been assigned to the case. On July 6, 2009, this Court
granted the district clerk’s request for extension and directed appellant to certify whether
he had complied with Texas Rule of Appellate Procedure 35.3(a)(2) by July 27, 2009. 
Further, appellant was notified that the failure to comply with this deadline may result in the
appeal being abated and the cause being remanded to the trial court for further
proceedings. See Tex. R. App. P. 37.3(a)(2). To date, appellant has failed to comply with
this Court’s directive. 
          Accordingly, this appeal is abated and the cause is remanded to the trial court. Id. 
Upon remand, the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute
this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent
and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if
appellant desires to prosecute this appeal, whether appellant’s present counsel should be
replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant’s appeal if appellant does not desire to
prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the
appeal will be diligently pursued. If the trial court determines that the present attorney for
appellant should be replaced, the court should cause the clerk of this court to be furnished
the name, address, and State Bar of Texas identification number of the newly-appointed
or newly-retained attorney. 
          The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, and recommendations and cause them to
be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this Court. Id. In the absence of a request for
extension of time from the trial court, the supplemental clerk’s record, supplemental
reporter’s record, and any additional proceeding records, including any orders, findings,
conclusions, and recommendations, are to be sent so as to be received by the Clerk of this
Court not later than September 11, 2009.


  
 
                                                                           Per Curiam
Do not publish.